THE HONORABLE _____

— FILED          — ENTERED
— LODGED        — RECEIVED

MAR 06 2007      LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXPERIENCE HENDRIX, LLC., a Washington Limited Liability Company, and AUTHENTIC HENDRIX, LLC, a Washington Limited Liability Company,<br><br>                              Plaintiffs,<br><br>v<br><br>ELECTRIC HENDRIX, LLC, a Washington Limited Liability, ELECTRIC HENDRIX APPAREL, LLC, a Washington Limited Liability Company, ELECTRIC HENDRIX LICENSING, LLC, a Washington Limited Liability Company; and CRAIG DIEFFENBACH, an individual,<br><br>                              Defendants. | NO. C 07-0338 TSZ<br><br>COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, TRADEMARK DILUTION, VIOLATIONS OF THE CONSUMER PROTECTION ACT, CONTRIBUTORY INFRINGEMENT, UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST<br><br>**JURY TRIAL DEMANDED**<br><br><br><br>07-CV-00338-CMP |

Experience Hendrix, LLC and Authentic Hendrix, LLC (hereinafter

"Plaintiffs"), for their Complaint against Electric Hendrix, LLC, Electric Hendrix

COMPLAINT - 1

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

Dockets.Justia.com

Apparel, LLC, Electric Hendrix Licensing, LLC, and Craig Dieffenbach (hereinafter, "Defendants"), state as follows:

## SUMMARY OF CLAIMS

### THE HENDRIX FAMILY'S COMMITMENT TO PRESERVING JIMI HENDRIX'S MUSICAL AND CULTURAL LEGACY

1. Jimi Hendrix was a famous musician, guitar player and celebrity. Jimi died in 1970. Al Hendrix was Jimi's father and sole heir. Al Hendrix, transferred his rights to Jimi's estate to Experience Hendrix, L.L.C. and Authentic Hendrix, LLC, companies that Al and his close family members have owned and continuously operated since 1995. Al died in 2002. Al and his close family members and their companies have been singularly committed to preserving Jimi Hendrix's musical, cultural and artistic legacy. The Jimi Hendrix family companies have owned, managed, licensed and tastefully marketed Jimi's music, recordings, artistic properties and related merchandise throughout the world. As a result of Jimi's unique talents, and the Hendrix family companies' continued stewardship and promotion, Jimi Hendrix and his works, name and image are famous, and enjoy continuing celebrity status.

2. Since 1996 or earlier, the Hendrix family companies have used federally registered and common law trademarks, service marks, trade names and logos to sell Jimi Hendrix related promotional merchandise and services to the general consuming public through catalog sales and Internet websites, retail stores,

COMPLAINT - 2

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

and licensee sales. The types of goods sold under the various marks and under the authority of the Hendrix family companies are wide-ranging. The marks owned and used by the Hendrix family companies include "JIMI HENDRIX", "THE JIMI HENDRIX EXPERIENCE", "HENDRIX", "EXPERIENCE HENDRIX", "AUTHENTIC HENDRIX", and the design marks of the signature of Jimi Hendrix, and an image (head or bust) of Jimi Hendrix, such as the following:





WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

3.   Experience Hendrix also owns the well-known trademark "ELECTRIC LADYLAND", which is the title of the famous Jimi Hendrix song and record album owned and continuously released since the 1960's. The term "ELECTRIC" also was associated with Jimi's recording studio (Electric Lady Studios in New York) and his style of guitar playing. The Hendrix family companies have used "ELECTRIC LADYLAND" and other trademarks containing the term "ELECTRIC" in connection with merchandise and services since at least as early as 1996.

4.   Through substantial sales and promotion of goods and services under the Hendrix marks, the Hendrix family companies have been the recognized source of Jimi Hendrix-related goods and services. The Hendrix marks are famous and well-known by consumers throughout the United States.

5.   Additionally, by their sponsorship and promotion of charitable and educational events, such as the Jimi Hendrix Electric Guitar Competition, and private touring music, art and multimedia events emphasizing the cultural and

COMPLAINT - 4

artistic legacy of Jimi Hendrix, the Hendrix family companies have intentionally associated the Hendrix marks with Jimi Hendrix's innovative spirit, and musical and artistic talent. Because drugs and alcohol have been claimed as a factor in Jimi Hendrix's untimely death, and because Jimi Hendrix fans, and Experience Hendrix's customers, include a large number of young people, the Hendrix family companies decided early in their operation not to license the Hendrix marks, or Jimi Hendrix music, for use in connection with alcohol or drug related products.

## CRAIG DIEFFENBACH'S UNAUTHORIZED USE OF HENDRIX FAMILY MARKS HAS DEGRADED THE JIMI HENDRIX LEGACY IN A TASTELESS CAMPAIGN TO SELL ALCOHOLIC BEVERAGES AND OTHER PRODUCTS.

6.    In September 2005, Craig Dieffenbach formed a Washington company he called Electric Hendrix, LLC, for the primary purpose of selling, bottling and marketing distilled spirits (vodka) as "HENDRIX ELECTRIC", "JIMI HENDRIX ELECTRIC", or "JIMI HENDRIX ELECTRIC VODKA". In 2006, Electric Hendrix, LLC began marketing its vodka and merchandise, and promoting its goods and services using a Jimi Hendrix "signature" mark, and Jimi Hendrix "headshot" mark, and statements and slogans of being "A Jimi Hendrix Family Company." Mr. Dieffenbach has publicly acknowledged that "[o]ver a billion people in the world know [Jimi] Hendrix's name...The average consumer can't tell

COMPLAINT - 5

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

the taste difference among vodkas... It's all about the spirit of the brand. We're bottling Jimi's spirit."[1]






The uses of the marks "JIMI HENDRIX," "JIMI HENDRIX ELECTRIC VODKA," a similar Jimi Hendrix "headshot" logo and Jimi Hendrix signature, the slogan "A JIMI HENDRIX FAMILY COMPANY," and Experience Hendrix's song and album

[1] McCoy, Elin. *Liquid Luxury*, Bloomberg Markets November 2006: p. 179-180.
[2] Photo: Cusack, Ann. Los Angeles Times 31 Mar. 2006
[3] Advertisement. Seattle Metropolitan Magazine Feb. 2007
[4] Advertisement. Ocean Drive Magazine Feb. 2007

COMPLAINT - 6

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

titles, along with other elements, to advertise and sell Mr. Dieffenbach's and Electric Hendrix's products are intended to deceive and defraud the public and to pass off and palm off their vodka and other merchandise as authorized by the Hendrix family companies and Jimi Hendrix's heirs.

7. Mr. Dieffenbach and his companies have ignored repeated demands to stop infringing and misappropriating the Hendrix family companies' rights.

8. Mr. Dieffenbach's and his companies' unlawful actions are intentional and designed to capitalize on the goodwill, recognition and fame associated with the Hendrix family companies' marks and rights. Those acts have tarnished and diluted the value of the marks by associating the Hendrix family companies with the commercial sale of alcohol. By this lawsuit, the Hendrix family companies seek to stop Mr. Dieffenbach and his companies from infringing and misappropriating their marks and goodwill, to disgorge all profits unlawfully made, and to obtain redress for the damage done to the Hendrix family companies.

## THE PARTIES

9. Plaintiffs Experience Hendrix, L.L.C. (hereinafter "Experience") and Authentic Hendrix, LLC (hereinafter "Authentic") are limited liability companies licensed to do business in Washington, with their principal place of business at 14501 Interurban Avenue, Seattle, Washington, 98168. Authentic is a wholly-owned subsidiary of Experience.

COMPLAINT - 7

10. Plaintiffs are managed and operated by family members of the late rock guitarist and musician, James Marshall ("Jimi") Hendrix, who died in 1970. Plaintiffs were established in 1995 by the late James A. ("Al") Hendrix, the father and sole heir of Jimi Hendrix. The Jimi Hendrix estate included, without limitation, sound recordings, musical compositions, audio-visual works, copyrights, trademarks, writings, photographs, and other properties and rights of Jimi Hendrix.

11. By written agreements, Al Hendrix assigned his rights personally and as sole heir to the estate of Jimi Hendrix to Plaintiffs in 1995. Thereafter, Plaintiff Experience has been the owner and administrator of Jimi Hendrix's musical compositions and related copyrights. Experience also owns original sound recordings and master tapes for Jimi Hendrix's major albums and other works. Experience licenses these rights throughout the world, and Jimi Hendrix's works are commercially available and sold to the general public. Experience operates the website www.jimihendrix.com. Authentic licenses, sells and oversees Jimi Hendrix merchandise of numerous types, and operates the website www.authentichendrix.com and a catalog and telephone mail-order business related to Jimi Hendrix merchandise, which is promoted throughout the world.

12. Together, Plaintiffs own, sell, market, promote, administer and license, in the United States and overseas, the music, recordings, and artistic properties of the late Jimi Hendrix, and promotional merchandise and services related to Jimi Hendrix, using federally registered and common law trademarks,

COMPLAINT - 8

Wilson Smith Cochran Dickerson
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

service marks, trade names and logos. Plaintiffs' goods and services are marketed and promoted to the general consuming public through catalog sales and Internet websites, retail stores, and licensee sales, and through entertainment industry venues, events and publications.

13. Defendant Electric Hendrix, LLC is a Washington limited liability company. On information and belief, Electric Hendrix, LLC was formed on or about September 21, 2005, and is owned by Defendant Dieffenbach, among others. Electric Hendrix, LLC sells vodka and markets other goods and services in interstate commerce under the brand name "(Jimi) Hendrix Electric (Vodka)", and uses various other marks, logos, names and titles that are confusingly similar to Plaintiffs' marks, logos, and titles.

14. Defendant Electric Hendrix Licensing, LLC is a Washington limited liability company. On information and belief, Electric Hendrix Licensing, LLC was formed on or about July 7, 2006, and is owned by Defendant Dieffenbach, among others. On information and belief, Electric Hendrix Licensing, LLC was formed with the intent of licensing various Jimi Hendrix properties to third parties, for use in the sale of goods and services.

15. Defendant Electric Hendrix Apparel, LLC, is a Washington limited liability company. On information and belief, Electric Hendrix Apparel, LLC was formed on or about October 2, 2006, is owned by Defendant Electric Hendrix,

COMPLAINT - 9

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

LLC, among others. On information and belief, Electric Hendrix Apparel, LLC was formed with the intent of selling apparel related to Jimi Hendrix.

16. Defendant Craig Dieffenbach ("Dieffenbach") is an individual residing in the State of Washington. On information and belief, Dieffenbach is a principal and member of Defendant Electric Hendrix, LLC, and Defendant Electric Hendrix Licensing, LLC. He is also the named applicant for three pending U.S. trademark applications for the marks "HENDRIX ELECTRIC VODKA", "HENDRIX ELECTRIC" and "HENDRIX ELECTRIC AND DESIGN", for use in connection with vodka or distilled spirits.

## JURISDICTION AND VENUE

17. This is a suit for trademark infringement, and arises under the trademark laws of the United States, namely Title 15 of the United States Code and more particularly 15 U.S.C. § 1114 and 15 U.S.C. §§ 1116-18, inclusive. This Court has jurisdiction under the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and 1338 (b). Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c).

## PLAINTIFFS' RIGHTS

18. Jimi Hendrix was a famous musician, guitar player and celebrity. As a result of Jimi's unique talents, and Plaintiffs' continued stewardship and promotion of the Jimi Hendrix rights and properties, Jimi Hendrix and his works are famous, and he has continuing celebrity status.

COMPLAINT - 10

19.     Plaintiff Experience is the owner of all right, title and interest in and to the well-known and famous trademark "JIMI HENDRIX", which Plaintiffs have used in connection with the sale and advertising of goods and services since at least as early as 1995.  The "JIMI HENDRIX EXPERIENCE" mark was first used on Jimi Hendrix sound recordings and other musical works in the late 1960's by Jimi Hendrix, and his agents, and under their authority, and has been in continuous use in commerce since that time.     Plaintiff Authentic, as a related company and licensee and authorized licensor of the Experience trademark rights, is impacted by infringing activities involving Experience's trademarks.

20.     Plaintiff Experience also owns all right, title and interest in other well-known and famous trademarks including "HENDRIX," "EXPERIENCE HENDRIX," "AUTHENTIC HENDRIX," and "THE JIMI HENDRIX EXPERIENCE," and design marks consisting of the signature of Jimi Hendrix, and an image (head or bust) of Jimi Hendrix.

21.     Experience owns word, design, and composite marks, which are registered on the Principal Register of the United States Patent and Trademark Office (hereinafter, "USPTO"), and are incontestable pursuant to 15 U.S.C. § 1065, including for purposes of the allegations herein:  U.S. Registration Nos. 2,322,761 ("JIMI HENDRIX" for clothing in Class 25); 2,245,408 ("AUTHENTIC HENDRIX" for mail order, telephone and online ordering services, in Class 35); 2,245,409 ("EXPERIENCE HENDRIX" for printed

COMPLAINT - 11

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

materials, namely magazines and posters, in Class 16); 2,250,912 ("EXPERIENCE HENDRIX AND DESIGN" for musical sound recordings, in Class 9); and 2,383,500 ("JIMI HENDRIX" for entertainment services, in Class 41).

22.    Experience owns word, design, and composite marks, which are registered on the Principal Register with the USPTO, including for purposes of the allegations herein: U.S. Registration Nos. 2,987,556 ("EXPERIENCE HENDRIX" for entertainment services, in Class 41); 2,989,576 ("JIMI HENDRIX" for watches, clocks and jewelry, in Class 14); 2,997,676 ("JIMI HENDRIX" for online services (website) and music publishing, in Class 41); 3,001,464 ("JIMI HENDRIX AND DESIGN" (signature logo), for online services (website) and music publishing, in Class 41); 3,001,465 ("JIMI HENDRIX AND DESIGN" (signature logo), for printed matter (posters, books, etc.) and related goods, in Class 16); 2,998,059 ("JIMI HENDRIX.COM" for online (website) services, in Class 41); 2,998,058 ("JIMI HENDRIX.COM AND DESIGN" (signature logo) for online (website) services, in Class 41); and 3,072,909 ("MISCELLANEOUS DESIGN" (headshot logo) for online retail store services, mail order catalog, telephone order and online ordering services, in Class 35). Collectively the U.S. registered trademarks referenced in paragraphs 21 and 22 herein shall be referred to as the "Registrations," and the marks shown therein shall be referred to collectively as the "Registered Marks". Copies of the certificates of registration for the above Registrations are attached as Exhibit 1.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

23. The Registrations are valid and continuing.

24. It is well-known that Jimi Hendrix played the electric guitar, and that he owned a famous recording studio in New York City called "Electric Lady Studios".

25. Plaintiff Experience also owns all common law trademark right, title and interest in and to the well-known trademark "ELECTRIC LADYLAND," which Plaintiffs have used in connection with merchandise since at least as early as 1996, and which is the title of a famous Jimi Hendrix song and record album owned and continuously released in commerce by Plaintiff Experience, and previously in commercial release by Experience's predecessors-in-interest since the 1960's. Experience also owns and uses other trademarks containing the term "ELECTRIC," including "ELECTRIC BABY" and the "JIMI HENDRIX ELECTRIC GUITAR COMPETITION".

26. Plaintiff Experience owns all right, title and interest to the titles of well-known songs, recordings and other works of Jimi Hendrix, including, but not limited to: "ARE YOU EXPERIENCED?," "PURPLE HAZE," "FREEDOM," "VOODOO CHILD (Slight Return)", and "VOODOO CHILE." These songs have been released on albums sold to the general public since the 1960's, and the titles (and variations of them) have been used in commerce in connection with the sale and advertising of Plaintiffs' products and services and have achieved secondary meaning through substantial usage and sales and consumer recognition.

COMPLAINT - 13

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

27.    Plaintiffs have referred to and marketed themselves in interstate commerce as "A Jimi Hendrix Family Company," since at least as early as 1996. A copy of Plaintiff Experience's letterhead, showing the corporate logo, and the prominent slogan "A Jimi Hendrix Family Company" is attached as Exhibit 2.

28.    Plaintiff Experience owns applications pending with the USPTO for "ELECTRIC LADYLAND," "JIMI HENDRIX," "HENDRIX" and related marks and logos, including Serial Nos. 78/886,086; 78/886,100; 78/886,099; 78/886,104; 78/912,015; 78/886,093; 77/010,863; 77/011,673; 77/011,653; 77/011,677; 78/866,250; 78/866,249; 78/866,245; 78/866,283; 78/866,285; 78/866,278; 78/866,266; 78/866,268; 78/866,262; 78/866,256; 78/871,147; 77/011,657; 78//885,937; 77/011,669; 77/011,667; 77/011,662; 77/011,659; 78/886,078; 78/866,273; 77/011,650; 77/011,655; 77/011,675; 77/010,830; 78/869,345; 78/871,186; 77/099,676; 77/099,682; and 77/100,669 (the "Hendrix Applications").

29.    Collectively, the marks identified in Paragraphs 21 through 28 shall be referenced herein as the "Hendrix Marks".

30.    Plaintiffs use, license, advertise and promote the Hendrix Marks in connection with a broad range of goods and services.  The Registrations and Hendrix Applications relate to goods and services in International Trademark Classes 3, 4, 5, 6, 9, 14, 16, 19, 20, 21, 24, 25, 26, 35 and 41.

COMPLAINT - 14

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

31.     Since at least as early as 1996, Plaintiffs have used the color purple in and as part of their marketing, advertising, website and corporate identity materials, such as in their corporate logo, and in products they sell and license. Attached is an example of products authorized by the Plaintiffs using the color purple, as Exhibit 3. Purple is a color widely associated with Jimi Hendrix, as one of his most popular songs is entitled "Purple Haze", the copyright to which is currently owned by Plaintiff Experience.

32.     Plaintiffs and their authorized licensees have made continuous, substantial and vigorous use and promotion of the Hendrix Marks. Through substantial sales and promotion of goods and services under the Hendrix Marks, Plaintiffs are the recognized source of Jimi Hendrix-related goods and services, and the Hendrix Marks are valuable and recognized symbols of Plaintiffs' goodwill. Plaintiffs' Hendrix Marks are famous and well-known by consumers throughout the United States.

33.     Plaintiffs have spent a considerable amount of time and money associating their Hendrix Marks with the Plaintiffs' authorized, and "Jimi Hendrix Family"- endorsed music, products, and services. Plaintiffs have successfully marketed "Hendrix"-related music, clothing, services and products under the Hendrix Marks and the related family business names, "Experience Hendrix" and "Authentic Hendrix".

COMPLAINT - 15

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

34.    Plaintiffs have successfully distinguished their products and services from "bootleg" or unauthorized recordings, merchandise, and other products and services, by engaging in a significant effort to enforce their rights and remove unauthorized goods and merchandise from the marketplace, and by associating the Hendrix Marks with Plaintiffs' authorized products and services.

35.    As a result of all of their efforts, Plaintiffs have successfully associated the goods and services bearing the Hendrix Marks with Plaintiffs as the "Jimi Hendrix Family Companies" and with the "Hendrix Family". Attached as Exhibit 2 is a copy of letterhead for Plaintiff Experience. Attached as Exhibit 4 are copies of stickers affixed to the packaging of Experience's music (compact disc) releases, referring to the "Authorized Hendrix Family Edition" or similar language.

36.    Through their sponsorship and promotion of charitable and educational events, such as the Jimi Hendrix Electric Guitar Competition, and private touring music, art and multimedia events regarding the musical legacy of Jimi Hendrix, and through their emphasis on the cultural and artistic legacy of Jimi Hendrix, Plaintiffs have intentionally associated the Hendrix Marks with Jimi Hendrix's innovative spirit, and musical and artistic talent. Because drugs and alcohol have been connected to Jimi Hendrix's untimely death, and because Jimi Hendrix fans, and Plaintiffs' customers, include a large number of young people, Plaintiffs decided early in their operation not to license the Hendrix Marks, or Jimi Hendrix music, for use in connection with alcohol or drug related products or

COMPLAINT - 16

media references (*i.e.*, motion pictures). Plaintiffs have not licensed the use of the Hendrix Marks in connection with vodka.

## DEFENDANTS' ACTIONS

37.    On or about September 21, 2005, Defendant Craig Dieffenbach formed Defendant Electric Hendrix, LLC for the primary purpose of selling, bottling and marketing distilled spirits (vodka) as "HENDRIX ELECTRIC," "JIMI HENDRIX ELECTRIC," "JIMI HENDRIX ELECTRIC VODKA" or similar name, with or without a Jimi Hendrix "headshot" logo and signature. Collectively, the marks used by Defendants for the vodka shall be called the "Vodka Marks". A copy of the vodka bottle is attached as Exhibit 5. On information and belief, Electric Hendrix, LLC operates by and through its director or member, Defendant Dieffenbach.

38.    On or about the end of December, 2005, Defendants Electric Hendrix, LLC and Dieffenbach began marketing vodka using the Vodka Marks. In 2006, Defendant Electric Hendrix offered for sale other merchandise, such as glassware, candles, and clothing, using the Vodka Marks, and began to promote its goods and services using a Jimi Hendrix "signature" mark and statements of being "A Jimi Hendrix Family Company," in written promotional materials and on its website, www.houseofhendrix.com. See Exhibit 6.

39.    Defendant Dieffenbach is not a member of the Hendrix family. None of the officers, directors, or members of Plaintiffs is an owner or participant in any

COMPLAINT - 17

of the three Defendant limited liability companies (hereinafter, "Electric Hendrix Defendants"). On information and belief, no Jimi Hendrix family member is an owner or member of the Electric Hendrix Defendants.

40. On or about September 29, 2005, Defendant Dieffenbach personally filed a USPTO application for the mark "HENDRIX ELECTRIC VODKA" (Serial No. 78/722,859) in International Class 33 for "distilled spirits." The application was filed based on an "intent to use" the referenced mark in commerce. The identification of goods was amended in this application on October 3, 2006 to "vodka." This mark was published in the USPTO Official Gazette on December 12, 2006.

41. On or about December 28, 2005, Defendant Dieffenbach personally filed USPTO applications for the marks "HENDRIX ELECTRIC" (USPTO Serial No. 78/781,875), and "HENDRIX ELECTRIC (AND DESIGN)" (Serial No. 78/781,902), both in International Class 33, for "distilled spirits." Both applications were filed based on an "intent to use" the referenced marks in commerce. The identification of goods was amended in these applications on October 3, 2006 to "distilled spirits, excluding gin." Amendments to allege use for these applications were filed on September 28, 2006, alleging a date of first use of the relevant marks in interstate commerce on July 1, 2006. These marks were published in the USPTO Official Gazette on January 30, 2007 and December 26, 2006, respectively.

COMPLAINT - 18

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

42.     Collectively the U.S. trademark applications referenced in paragraphs 40 and 41 herein shall be referred to as the "Dieffenbach Applications." Copies of these applications are attached as Exhibit 7.

43.     On May 30, 2006, Defendant Electric Hendrix, LLC, filed three USPTO applications for "JIMI HENDRIX ELECTRIC" (Serial No. 78/895,439), "JIMI HENDRIX ELECTRIC VODKA" (Serial No. 78/895,427), and "JIMI HENDRIX ELECTRIC (AND DESIGN)" (Serial No. 78/895,409), all in International Class 33, for "distilled spirits, excluding gin". On September 20, 2006, Defendant Electric Hendrix filed a USPTO application for a "MISCELLANEOUS DESIGN" ("headshot" logo) (Serial No. 77/003,454) in International Class 33 for "distilled spirits, excluding gin". All four applications were filed based on an "intent to use" the referenced marks in commerce. All four applications have pending USPTO Office Actions against them, denying registration (in part) because of a "false connection" with Jimi Hendrix pursuant to Section 2(a) of the Lanham Act.

44.     Defendant Electric Hendrix, LLC has filed eight additional USPTO applications: "HENDRIX" (Serial No. 77/011,869) for "Jimi Hendrix themed restaurant and bar services"; "JIMI HENDRIX CAFÉ" (Serial No. 77/041,936) for "Jimi Hendrix themed restaurant and bar services"; "ELECTRIC BAR" (Serial No. 77/041,941 for "bar and restaurant services, including in-room hotel bar services"; "HENDRIX" (Serial No. 77/083,307) for "entertainment services, namely

COMPLAINT - 19

television programs, including television programs featuring live action, drama, reality, comedy, and general entertainment"; "HENDRIX" (Serial No. 77/087,073) for "fragrances for personal use"; "JIMI HENDRIX" (Serial No. 77/095,145) for "casinos"; and "JIMI HENDRIX" (Serial No. 77/095,194) for "hotels and hotel services", all in International Classes 3, 41 and 43. All of these are based upon a claimed "intent to use" such marks.

45.     Collectively the U.S. trademark applications referenced in paragraphs 43 and 44 herein shall be referred to as the "Electric Applications". Copies of these applications are attached as Exhibit 8.

46.     By the above applications and actions, it is clear Defendants use, intend to use and license the Vodka Marks and the marks shown in the Dieffenbach Applications and Electric Applications, for products and services sold and marketed in interstate commerce, and contrary to the rights of Plaintiffs.

47.     On information and belief, the Electric Hendrix Defendants' marketing and promotional materials, labels, tags, containers, and statements are coordinated by Defendant Dieffenbach, and constitute a joint and concerted effort to confuse the public, and to unjustly profit from the goodwill associated with Plaintiffs' Hendrix Marks and businesses.

48.     Defendant Dieffenbach and the Electric Hendrix Defendants have created and distributed marketing and promotional materials, and labeled their vodka and other products in such a way that has caused confusion, and is likely to

COMPLAINT - 20

continue to cause confusion, in the marketplace as to the source, sponsorship, affiliation and connection of Defendants' products and services with those of Plaintiffs, and to harm Plaintiffs. Defendants' acts include, but are not limited to:

a. Defendants' use of the "HENDRIX ELECTRIC" and "JIMI HENDRIX ELECTRIC" terms in its vodka brand creates a likelihood of confusion with Plaintiffs' Hendrix Marks, including, but not limited to, "JIMI HENDRIX", "HENDRIX", "EXPERIENCE HENDRIX", "AUTHENTIC HENDRIX", "ELECTRIC LADYLAND", and "THE JIMI HENDRIX EXPERIENCE", including marks that are registered with the USPTO. Defendants' use is illustrated in Exhibit 14.

b. Defendants' use of a graphical design of Jimi Hendrix's bust or "headshot," as part of or separate from the words element of its vodka brand, creates a likelihood of confusion with Plaintiffs' registered logo of a graphically designed "headshot" logo of Jimi Hendrix. Plaintiffs have used the Jimi Hendrix headshot logo illustrated in Exhibit 9 since at least as early as 1996. Defendants have now begun to use variations of the Jimi Hendrix headshot logo illustrated in Exhibit 10.

c. Defendants' use of the above mentioned headshot logo, overwritten by the stylized signature "Jimi," and combined with the words "HENDRIX ELECTRIC" creates a likelihood of confusion with Plaintiffs' Hendrix Marks, including Plaintiffs' registered stylized graphical mark of

COMPLAINT - 21

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

Jimi Hendrix's signature, Plaintiffs' "headshot" logo, and the combination of the Hendrix Marks used by Plaintiffs. See Exhibit 1 (Plaintiffs' registrations). Also attached as Exhibit 11 are examples of Plaintiffs' Marks in pending USPTO Application Serial Nos. 77/099,676; 77/099,682; and 77/100,669. Defendants' use of Jimi's signature in conjunction with its headshot logo and the words "Hendrix Electric" is illustrated in Exhibit 12.

d. Defendants' use of the stylized headshot and signature of "Jimi" over the words "Hendrix Electric" creates a likelihood of confusion with Plaintiffs' registered marks depicting Jimi Hendrix's stylized headshot alone and with the words "Experience Hendrix" (See Registrations Nos. 3,072,909 and 2,250,912, in Exhibits 1 and 9).

e. Defendants' use of the entire signature of Jimi Hendrix (in a close or near identical approximation of Plaintiffs' signature logo) in its marketing materials is likely to confuse consumers. An example of Defendants' use of the Jimi Hendrix signature logo is attached as Exhibit 13.

f. Defendant Electric Hendrix, LLC's use of marketing slogans such as "Experience Hendrix Electric Vodka...a Modern Legend" and "Experience Responsibly" in its marketing materials creates a likelihood of confusion with Plaintiff Experience's registered mark "EXPERIENCE HENDRIX" and trade name, Plaintiffs' common law mark and registered

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

mark "THE JIMI HENDRIX EXPERIENCE," and further is similar to the title of the song and album "Are You Experienced?" owned by Experience. Defendants' repeated uses of confusingly similar phrases, marks, and tag lines such as "Experience Responsibly", "Electrifying Experience", "Experience Hendrix Electric . . . ", and "Experience Electric Love" are illustrated in Exhibit 14.

g.   Defendants' statements in their advertising materials and press releases that Hendrix Electric Vodka is a "Hendrix Family Company" is confusingly similar to Plaintiffs' mark and tag line "A Jimi Hendrix Family Company" or references to "Authorized Hendrix Family" works, and will cause confusion as to the source of Defendants' products and services by suggesting that Defendants are Plaintiffs, or are owned, sponsored, or endorsed by Plaintiffs. A copy of Defendants' advertisements for the vodka from the January 2007 and February 2007 issues of the *Seattle Metropolitan* magazine are attached as Exhibit 15.

h.   Defendants' use of Jimi Hendrix song titles owned by Plaintiff Experience, in connection with the sale and promotion of Defendants' vodka and other products, is likely to confuse the public as to the sponsorship, origin and endorsement of Defendants' products. Defendants' use of those names in connection with the promotion of mixed alcoholic drinks, such as the "Electric Blue," the "Electric Haze" and the "Voodoo,"

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

are attached as Exhibit 16. Defendants' use of the title "Freedom" in the *Seattle Metropolitan* magazine ads is referenced above in paragraph 48g and shown in Exhibit 15.

i.       Defendants' use of the color purple in their marketing materials, including on their website, www.houseofhendrix.com, and as the color of the vodka bottle, is confusingly similar to Plaintiffs' use of the color purple in its corporate and promotional materials and products, and takes unfair advantage of the connection between Jimi Hendrix and the color purple, such as in the song "Purple Haze" owned by Experience, and is likely to confuse the public; and

j.       Defendants' uses of explicit and implicit references to Jimi Hendrix and his musical legacy (owned by Plaintiffs) and celebrity status (maintained by Plaintiffs), and the use of prominent photographs of Jimi Hendrix, and Defendants' claims to being a "Hendrix Family Company", confusingly create a false association between Plaintiffs and Defendants' products, to the benefit of Defendants, and the detriment of Plaintiffs and the Hendrix Marks.

## FIRST CLAIM
### (Federal Trademark Infringement, 15 U.S.C. § 1114)

49.       Plaintiffs reallege and incorporate paragraphs 1 through 48j as though fully set forth herein.

COMPLAINT - 24

50.     Plaintiffs have adopted and used in interstate commerce the Registered Marks for a broad range of goods and services, including: clothing and accessories, musical recordings (*e.g.*, CDs) and videos (*e.g.*, DVDs), printed matter (books, postcards, posters, etc.), and online (website) and entertainment services. Such Registered Marks are well-known, and they have been used continuously since long prior to Defendants' use of the Vodka Marks, or the incorporation of the Defendant Electric Companies.

51.     The Registrations are *prima facie* evidence of Plaintiff Experience's exclusive rights in and ownership of the marks shown therein throughout the United States, and the validity and the registrations of such marks.     The Registrations set forth in paragraphs 21 and 22 above are incontestable and are "conclusive evidence" of Experience's exclusive right to use such registered marks on the goods and services listed in those registrations under 15 U.S.C. § 1115(b).

52.     Defendants' uses of the Vodka Marks, Electric Marks, and other marks and indicia of origin (such as the signature, and the slogan "A Jimi Hendrix Family Company") which are confusingly similar to the Registered Marks are not authorized by Plaintiffs, are likely to cause confusion, to cause mistake and to deceive as to the source of the goods and services offered by Defendants, in that consumers will likely associate, and have actually associated, Defendants' products and services with Plaintiffs, to the detriment of Plaintiffs.

COMPLAINT - 25

53. Defendants' infringing conduct is intentional, willful, and designed to mislead, deceive and confuse the consuming public, and to capitalize on the goodwill associated with Plaintiffs' Hendrix Marks, and is intended to palm off Defendants' goods as those of Plaintiffs.

54. Plaintiffs have given written notice to Defendant Dieffenbach of Plaintiffs' registrations and rights, but Defendants have refused to cease their infringing acts. By virtue of their unauthorized uses of the Vodka Marks and other marks similar to Plaintiffs' Registered Marks in interstate commerce, and the likelihood of such uses to cause confusion, to cause mistake or to deceive, Defendants have violated, and continue to violate, the rights of Plaintiffs under the U.S. Trademark Act, giving rise to a cause of action under 15 U.S.C. § 1114(1).

55. Unless enjoined and restrained by this Court, Defendants will continue to engage in such unlawful conduct. Plaintiffs have no adequate remedy at law in that Defendants will continue their infringing conduct, as alleged above, in violation of 15 U.S.C. § 1114. Plaintiffs therefore seek injunctive relief precluding Defendants from further acts of infringement and from any further use, reference to or association with the Registered Marks. Plaintiffs seek such other injunctive relief as may be reasonable and appropriate to protect further infringement of their rights in and to the Registered Marks.

COMPLAINT - 26

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

56. Plaintiffs further allege that they have been damaged as a result of Defendants' infringing actions as alleged herein. Plaintiffs are entitled to recover their damages, as well as Defendants' profits, treble damages and statutory damages. Attorney fees are authorized by U.S.C. § 1117. Destruction of infringing articles is authorized by 15 U.S.C. § 1118. Plaintiffs request that the Court order the Defendants to withdraw and abandon the Dieffenbach Applications and Electric Applications, and not to file further USPTO applications for marks infringing on Plaintiffs' rights.

## SECOND CLAIM
### (Infringement of Common Law Trademark Rights)

57. Plaintiffs reallege and incorporate paragraphs 1 through 48j as though fully set forth herein.

58. Plaintiffs own and enjoy common law trademark rights in the trademarks "JIMI HENDRIX," "EXPERIENCE HENDRIX," "THE JIMI HENDRIX EXPERIENCE," "ELECTRIC LADYLAND," the "headshot" logo, and the Jimi Hendrix signature, and combinations of such marks, as well as other unregistered Hendrix Marks. The acts of Defendants alleged herein constitute unfair competition and an infringement of Plaintiffs' common law rights in the Hendrix marks.

59. Plaintiffs' rights are superior to any rights that Defendants may claim in and to the same or similar marks, in that the marks are distinctive, or have

COMPLAINT - 27

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

achieved secondary meaning in the marketplace, and have been used continuously by Plaintiffs to identify Plaintiffs' goods and to distinguish them from others. Said Hendrix Marks have come to indicate to purchasers that the goods in question are authorized, and produced, sponsored or endorsed by the "Jimi Hendrix Family," and the Jimi Hendrix "family" companies established by the sole heir of Jimi Hendrix's rights and properties.

60.    The Defendants' use of the marks "JIMI HENDRIX," "JIMI HENDRIX ELECTRIC VODKA," a similar Jimi Hendrix "headshot" logo and Jimi Hendrix signature, the slogans "EXPERIENCE HENDRIX ELECTRIC VODKA" and "A HENDRIX FAMILY COMPANY," and Experience's song and album titles, to advertise and sell products and services in Washington and elsewhere throughout the United States, is intentional, and designed to deceive the public into believing that the goods sold by Defendants are made by, approved by, sponsored by or affiliated with Plaintiffs. Defendants' acts, as alleged herein, were committed with the intent to deceive and defraud the public and to pass off and palm off Defendants' goods and services, including vodka, merchandise, apparel and licensing rights, as authorized by Plaintiffs and Jimi Hendrix's heirs.

61.    Defendants' infringement is believed to be willful, and will continue unless enjoined by this Court. Plaintiffs therefore seek equitable relief in the form of an injunction precluding Defendants from further acts of infringement and from any further use, reference to or association with Plaintiffs and their marks, and

COMPLAINT - 28

requiring Defendants to withdraw or abandon the pending Dieffenbach Applications and Electric Applications with the USPTO, and not to file additional USPTO applications for marks infringing on Plaintiffs' rights. Plaintiffs further seek an injunction ordering that the past infringements be corrected in writing, and that all profits from Defendants' infringing acts be held in constructive trust for Plaintiffs. Plaintiffs further seek destruction of infringing articles and such other injunctive relief as may be reasonable and appropriate to protect further infringement of its rights in and to the Hendrix Marks.

62.    By reason of Defendants' acts alleged herein, Plaintiffs have, and will suffer damage to their business, reputation, and good will and the other damages. Plaintiffs seek damages in an amount to be determined at trial.

## THIRD CLAIM
### (Federal Unfair Competition, 15 U.S.C. § 1125(a))

63.    Plaintiffs reallege and incorporate paragraphs 1 through 48j as though fully set forth herein.

64.    Defendants advertise and offer for sale, in interstate commerce, unauthorized and infringing goods and services through use of the Hendrix Marks, and confusingly similar marks and references. Defendants' actions are intentional and designed to capitalize on the goodwill, recognition and fame associated with the Hendrix Marks owned by Plaintiffs. Defendants' actions together create a false representation, and likelihood of confusion as to the origin, source,

COMPLAINT - 29

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

sponsorship, endorsement, affiliation and authenticity of the infringing products and services they are advertising and offering for sale. Defendants know that their actions are creating confusion among the consuming public and by their actions intend to confuse, defraud and deceive the consuming public into believing that Plaintiffs produce, sponsor or endorse Defendants' products and services, when they do not.

65. Defendants' actions, as described above, are in violation of 15 U.S.C. § 1125(a). Unless enjoined and restrained by this Court, Defendants will continue to engage in such unlawful conduct. Plaintiffs have no adequate remedy at law in that Defendants will continue their infringing conduct. Plaintiffs therefore seek injunctive relief precluding Defendants from further acts of infringement and from any further use, reference to or association with Plaintiffs and their marks, including but not limited to ordering Defendants to withdraw or abandon the pending Dieffenbach Applications and the Electric Applications with the USPTO, and not to file additional USPTO applications for marks infringing the rights of Plaintiffs. Plaintiffs further seek an injunction ordering that the past and misleading representations by Defendants be corrected in writing, and that all profits made while engaging in infringing conduct be held in constructive trust for Plaintiffs. Plaintiffs further seek destruction of infringing articles as authorized by 15 U.S.C. § 1118. Plaintiffs seek such other injunctive relief as may be reasonable

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

and appropriate to protect further infringement of its rights in and to the Hendrix Marks.

66. Plaintiffs further allege that they have been damaged as a result of Defendants' infringing actions as alleged herein. Plaintiffs are entitled to recover their damages, as well as Defendants' profits, treble damages and statutory damages. Attorney fees are authorized by U.S.C. § 1117.

## FOURTH CLAIM
### (Trademark Dilution by Blurring, 15 U.S.C. § 1125(c))

67. Plaintiffs reallege and incorporate paragraphs 1 through 48j as though fully set forth herein.

68. Plaintiffs' Hendrix Marks are famous and well-known in the United States.

69. Defendants have made commercial use of Plaintiffs' famous marks, and those confusingly similar to them, in the marketing of their products and services, which Defendants have used and transported in United States interstate commerce. Defendants' use began after Plaintiffs' Hendrix Marks had become famous.

70. Defendants' acts have lessened the capacity of Plaintiffs' well-known or famous Hendrix Marks to identify and distinguish the goods and services of Plaintiffs. Defendants' acts have blurred and diluted the unique association which as heretofore existed between Plaintiffs' well-known or famous marks and the

COMPLAINT - 31

goods and services made, licensed, advertised or sponsored by Plaintiffs to the detriment of Plaintiffs. Defendants committed these acts willfully and with the intent to trade on the reputation and goodwill of Plaintiffs and to dilute Plaintiffs' famous marks by blurring their association with Plaintiffs as the authorized source of Jimi Hendrix music, goods and services.

71.     Defendants' use will irreparably harm Plaintiffs, and will continue unless enjoined. Plaintiffs' remedy at law is not adequate to fully compensate Plaintiffs for their injuries. Plaintiffs therefore seek injunctive relief precluding Defendants from further acts of infringement and from any further use, reference to or association with Plaintiffs and their marks, including but not limited to ordering Defendants to withdraw or abandon the pending Dieffenbach Applications and the Electric Applications with the USPTO, and not to file additional USPTO applications for marks infringing the rights of Plaintiffs. Plaintiffs seek destruction of infringing articles, as authorized by 15 U.S.C. § 1118, and an injunction against further infringement and dilution.

72.     By reason of Defendants' acts alleged herein, Plaintiffs have, and will suffer damage to their business, reputation, and goodwill and the loss of sales and profits Plaintiffs would have made but for Defendants' acts. Plaintiffs seek damages and attorney fees, as authorized under 15 U.S.C. §§ 1125(c)(2) and 1117.

COMPLAINT - 32

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

## FIFTH CLAIM
### (Trademark Dilution by Tarnishment 15 U.S.C. § 1125(c))

73.     Plaintiffs reallege and incorporate paragraphs 1 through 48j as though fully set forth herein.

74.     Defendants' acts have tarnished Plaintiffs' well-known or famous marks by associating Plaintiffs (and their otherwise authorized goods and services) with the commercial sale of alcohol and other unauthorized goods and services.

75.     Furthermore, Defendants' acts are likely to harm the reputation of, tarnish and further dilute Plaintiffs' Hendrix Marks, in that any defect, objection or fault found with Defendants' products, services and marketing efforts will necessarily reflect upon, and seriously injure the business reputation of Plaintiffs and tarnish the Hendrix Marks, and therefore damage Plaintiffs in violation of Section 2(c) of the Trademark Act, 15 U.S.C. § 1052(c), to the detriment of Plaintiffs. Defendants committed these acts willfully and with the intent to trade on the reputation and good will of Plaintiffs and to cause dilution of Plaintiffs' famous marks by tarnishing those marks, and Plaintiffs by association with them.

76.     Defendants' use will irreparably harm Plaintiffs, and will continue unless enjoined in this Court. Plaintiffs' remedy at law is not adequate to fully compensate Plaintiffs for their injuries. Plaintiffs therefore seek injunctive relief precluding Defendants from further acts of infringement and from any further use, reference to or association with Plaintiffs and their marks, including but not

COMPLAINT - 33

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

limited to ordering Defendants to withdraw or abandon the pending Dieffenbach Applications and the Electric Applications with the USPTO, and not to file additional USPTO applications for marks infringing the rights of Plaintiffs. Plaintiffs seek destruction of infringing articles, as authorized by 15 U.S.C. § 1118, and an injunction against further infringement.

77. By reason of Defendants' acts alleged herein, Plaintiffs have, and will suffer damage to their business, reputation, and good will and the loss of sales and profits Plaintiffs would have made but for Defendants' acts. Plaintiffs seek damages and attorney fees, as authorized under 15 U.S.C. §§ 1125(c)(2) and 1117.

## SIXTH CLAIM
### (Violations of the Washington Consumer Protection Act)

78. Plaintiffs reallege and incorporate paragraphs 1 through __ as though fully set forth herein.

79. By the acts alleged herein, Defendants have violated the Washington Consumer Protection Act, RCW §19.86.020, in that Defendants' acts constitute unfair or deceptive acts or practices in the conduct of trade or commerce.

80. Defendants' conduct is confusing and deceptive to the public.

81. Defendants' conduct has caused damage to Plaintiffs' business reputations and to Plaintiffs' Hendrix Marks and other rights and properties in an

COMPLAINT - 34

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

amount to be determined at trial. Plaintiffs are entitled to injunctive relief, attorneys' fees and costs, and other equitable relief as this Court may order.

## SEVENTH CLAIM
### (Contributory Infringement)

82. Plaintiffs reallege and incorporate paragraphs 1 through 48j as though fully set forth herein.

83. Defendant Dieffenbach is, on information and belief, personally directing or controlling the infringing activities of Defendant Electric Hendrix, LLC, or benefiting by such acts.

84. By reason of the actions aforesaid, the infringement of Plaintiffs' Hendrix Marks by Defendant Electric Hendrix, LLC has been directed by, and under the control or authority of Defendant Dieffenbach.

85. Upon information and belief, Dieffenbach has contributorily infringed or caused the infringement of Plaintiffs' Hendrix Marks, all to the detriment of Plaintiffs. The infringements by Dieffenbach of Plaintiffs' rights in its Hendrix Marks will irreparably harm Plaintiffs, have been willful, and will continue unless enjoined by this Court. Damages and attorney fees are authorized by 15 U.S.C. § 1117. Destruction of infringing articles is authorized by 15 U.S.C. § 1118.

COMPLAINT - 35

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

## EIGHTH CLAIM
### (Unjust Enrichment)

86.    Plaintiffs reallege and incorporate paragraphs 1 through 48j as though fully set forth herein.

87.    On information and belief, Dieffenbach and the Electric Hendrix Defendants have wrongfully received money from third parties that they should not in equity and good conscience retain, on account of their federal and common law trademark infringements, false designations of origin, unfair competition, trademark dilution and related acts.

88.    The benefit unjustly received by those Defendants implies a promise, or quasi-contract, to pay those benefits to Plaintiffs.

89.    Plaintiffs have demanded that Defendants stop their infringements and misappropriation of Plaintiffs' marks and business goodwill, and Defendants have refused.

90.    Plaintiffs seek restitution from Dieffenbach and the Electric Hendrix Defendants consisting of all profits received by those Defendants on account of their violations of Plaintiffs' rights.

## NINTH CLAIM
### (Constructive Trust)

91.    Plaintiffs reallege and incorporate paragraphs 1 through 48j as though fully set forth herein.

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

92.     Plaintiffs have no adequate remedy at law.     In addition to the equitable remedies sought herein, Plaintiffs seek an accounting and constructive trust on all further monies received by Dieffenbach and the Electric Hendrix Defendants on account of their infringement and dilution of Plaintiffs' rights.

WHEREFORE, Plaintiffs pray for relief as follows:

1.     Injunctive Relief:

(a)     For Its Federal Trademark Infringement Claims, 15 U.S.C. 1125(a) Claims, and Dilution Claims:     That this court grant an injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendant Dieffenbach and the Electric Hendrix Defendants (and their distributors, employees, agents, related parties and licensees) from directly or indirectly using the Hendrix Marks or any other mark, word, name or slogan similar to Plaintiffs' marks which is likely to cause confusion, mistake or to deceive.     And that this Court, pursuant to the power granted it under 15 U.S.C. § 1118, order that all labels, signs, prints, packages, wrappers, receptacles, websites and advertisements in the possession or control of Defendants (or their distributors, employees, agents, related parties and licensees) bearing the infringing marks, and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed.     And that this Court order the Defendants to withdraw or abandon the

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100   FAX: (206) 623-9273

pending Dieffenbach Applications and the Electric Applications with the USPTO, and not to file additional USPTO applications for marks infringing the rights of Plaintiffs.

(b)     For its Common Law Trademark Infringement and State Claims: That this Court grant an injunction enjoining and restraining Defendants and their distributors, agents, employees and licensees from (1) directly or indirectly using the words "Electric Hendrix" or "(Jimi) Hendrix Electric" or "Hendrix Family Company" or "Experience Hendrix Electric Vodka" or "Experience Responsibly" or "Experience Electric Love" or "Jimi Hendrix" or "Jimi" or "Voodoo" or "Purple Haze", or the headshot or signature design marks, and Jimi Hendrix song titles, or any other mark, word or name similar to Plaintiffs' marks which is likely to cause confusion and (2) continuing any and all acts of unfair competition as herein alleged. And that this Court order the Defendants to withdraw or abandon the pending Dieffenbach Applications and the Electric Applications with the USPTO, and not to file additional USPTO applications for marks infringing the rights of Plaintiffs.

2.     Damages:

(a) For All Claims: That Defendants be required to account to Plaintiffs for any and all profits derived by Defendants from the sale of its goods and for all damages sustained by Plaintiffs by reason of Defendants' acts

WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100  FAX: (206) 623-9273

complained of herein, and that any future profits be held in constructive trust for the benefit of Plaintiffs, and be paid to Plaintiffs.

(b) For its Claims of Infringement under 15 U.S.C. and Violations of RCW §19.86.020: That this Court award Plaintiffs treble the amount of actual damages suffered by Plaintiffs, as permitted by 15 U.S.C. § 1117 and RCW §19.86.090, in an amount to be determined at trial.

(c) That this Court award punitive damages and exemplary damages against Defendants and in favor of Plaintiffs in an amount to be determined at trial by reason of Defendants' fraud and palming off.

3. That Plaintiffs be awarded their costs in this action.

4. That this is an exceptional case and that Plaintiffs be awarded their reasonable attorneys fees; and

5. That this Court grant such other and further relief as it shall deem just and equitable.

DATED this 6th day of March, 2007.


WILSON SMITH COCHRAN DICKERSON

By: _____
John D. Wilson, Jr., WSBA No. 4828
Shilpa Bhatia, WSBA No. 28012
Alfred E. Donohue, WSBA No. 32774

- and -

COMPLAINT - 39

Karen Wetherell Davis, WSBA No. 21195
ELLIOT, OSTRANDER, & PRESTON, PC
707 SW Washington St., Suite 1500
Portland, OR 97205
(206) 325-1244 / (503) 224-7112
(503) 224-7819 facsimile
karen@eoplaw.com

COMPLAINT - 40