UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXPERIENCE HENDRIX, LLC., a Washington Limited Liability Company; and AUTHENTIC HENDRIX, LLC., a Washington Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> ELECTRIC HENDRIX, LLC., a Washington Limited Liability Company; ELECTRIC HENDRIX APPAREL, LLC., a Washington Limited Liability Company; ELECTRIC HENDRIX LICENSING LLC., a Washington Limited Liability Company; and CRAIG DIEFFENBACH, an individual, <br><br> Defendants. | C07-338Z <br><br> ORDER |

THIS MATTER comes before the Court on plaintiffs' motion to compel discovery from defendant Craig Dieffenbach. Pursuant to a settlement among all parties, plaintiffs obtained a judgment against all defendants, including Mr. Dieffenbach, jointly and severally, in the amount of $3.2 million. Suppl. Judgment (docket no. 127). Plaintiffs now seek an order requiring Mr. Dieffenbach to respond to twelve (12) interrogatories and fourteen (14) requests for production, primarily concerning his and his spouse's assets. Plaintiffs also wish to take Mr. Dieffenbach's deposition.

ORDER - 1

Plaintiffs' motion is brought pursuant to *inter alia* Rule 69, which provides in relevant part:

> In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person -- including the judgment debtor -- as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(2). Mr. Dieffenbach does not appear to dispute that, in accordance with Rule 69, plaintiffs may elect to proceed under Rules 26 through 37. *See* *Evans v. Chicago Football Franchise Ltd. P'ship*, 127 F.R.D. 492, 493 (N.D. Ill. 1989) ("This language [of Rule 69] clearly contemplates that plaintiff has a choice between using the federal discovery rules and using the practice of the state."). Mr. Dieffenbach's only response to plaintiffs' motion is that plaintiffs have not complied with the technical requirements of Washington's statutes governing proceedings supplemental to the execution of judgments. Although the Court agrees with Mr. Dieffenbach that plaintiffs have not taken all of the steps outlined in RCW 6.32.015, such failure does not defeat plaintiffs' motion because plaintiffs are not obligated to follow the state practice.

The Court concludes that, under the federal discovery rules, plaintiffs have properly propounded the interrogatories and requests for production at issue, serving them on Mr. Dieffenbach's attorney. *See* Fed. R. Civ. P. 5(b)(1); *see also* Fed. R. Civ. P. 33 & 34. The Court therefore DIRECTS Mr. Dieffenbach to provide responses to the interrogatories and requests for production within twenty (20) days after the date of this Order. Based on the current record, however, which indicates that plaintiffs have never attempted to depose Mr. Dieffenbach in the manner permitted by Rule 30, the Court declines at this time to compel a deposition. In addition, because plaintiffs elected, with respect to the interrogatories and requests for production, to proceed under the federal discovery rules, the Court will not treat plaintiffs' current motion as an application under state law, specifically RCW 6.32.010, for an order requiring a judgment debtor to appear before the Court or its appointed referee.

ORDER - 2

1     For the foregoing reasons, plaintiffs' motion to compel, docket no. 130, is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 28th day of October, 2009.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge