1

2

3

4

5                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
6                                   AT SEATTLE

7    EXPERIENCE HENDRIX, LLC; and
     AUTHENTIC HENDRIX, LLC,
8
                          Plaintiffs,
9
           v.
10
                                                    C07-338 TSZ
     ELECTRIC HENDRIX, LLC;
11   ELECTRIC HENDRIX APPAREL,                      ORDER
     LLC; ELECTRIC HENDRIX
12   LICENSING LLC; ELECTRIC
     HENDRIX SPIRITS, L.L.C.; and
13   CRAIG DIEFFENBACH,

14                        Defendants.

15
           THIS MATTER comes before the Court on plaintiffs' motion, docket no. 145, to
16
     extend the time during which plaintiffs may execute on the supplemental judgment and
17
     permanent injunction entered February 12, 2009 ("Supplemental Judgment"), docket
18
     no. 127.  Having reviewed all papers filed in support of the motion, to which no response
19
     was submitted, the Court enters the following order.
20
     **Discussion**
21
           The Supplemental Judgment, which was entered pursuant to the stipulation of the
22
     parties, prohibits defendants and certain others from engaging in enumerated activities
23

ORDER - 1

involving or affecting plaintiffs' trademarks, service marks, and/or logos.  *See* Supp. J. (docket no. 127).  In addition, the Supplemental Judgment awarded in favor of plaintiffs and against defendants the principal sum of three million two hundred thousand dollars ($3,200,000).  *Id.* at ¶ 1.  According to plaintiffs' counsel, in the ten years since the Supplemental Judgment was entered, interest has accrued at the rate of two and twenty-eight hundredths of one percent (2.28%) per annum, and payments in the amount of $4,074.14 have been made by defendants.  *See* Sacks' Decl. at ¶¶ 5-6 & Ex. 3 (docket no. 146).  Plaintiffs contend that, as of January 24, 2019, the balance remaining due from defendants was $3,994,313.52.

Under Washington law, a party in whose favor "a judgment of a court" has been rendered may execute on the judgment at any time during the ten-year period following its entry.  *See* RCW 6.17.020(1).  This ten-year period may be extended for another ten years by applying "within ninety days before the expiration of the original ten-year period" to "the court that rendered the judgment."  RCW 6.17.020(3).  No Washington court has yet interpreted the 90-day deadline provision, but one commentator has understood the language as meaning that applications made more than 90 days before the expiration date are premature, while motions submitted after the ten-year period for execution expires are late.  28 Marjorie Dick Rombauer, WASH. PRAC. (Creditors' Remedies - Debtors' Relief) § 7.9 (2018) [hereinafter "Rombauer"].  Under this view, plaintiffs' motion, which could have been filed as early as November 14, 2018, or as late as February 11, 2019, was timely submitted on January 24, 2019.

Plaintiffs' application is, however, still deficient. For purposes of determining whether an application under RCW 6.17.020(3) is timely, the Washington Court of Appeals has concluded that such application is not "filed" until the requisite fee is paid. *See* *In re M.R.A.*, 2009 WL 2437238 (Wash. Ct. App. Aug. 11, 2009); *see also* RCW 6.17.020(3) ("petitioner shall pay to the court a filing fee equal to the filing fee for filing the first or initial paper in a civil action in the court"). The *In re M.R.A.* decision appears to apply with equal force to matters before this Court. *See* RCW 6.17.020(5) (defining "court" as including "United States district courts"). Plaintiffs have not tendered the $400 filing fee applicable to civil matters.

The question remaining for the Court is whether the lack of payment can be cured now that the ten-year period for execution has expired. The commentator mentioned earlier believes that any order of extension must be entered during the 90-day period before the ten-year period at issue expires. Rombauer at § 7.9; *see also* *Am. Discount Corp. v. Shepherd*, 160 Wn.2d 93, 156 P.3d 858 (2007) (holding that the legislature could not retroactively revive the period for executing on a judgment after the initial ten-year period expired). The Court finds this commentator's position unworkable because it would treat as timely an application filed just before the close of business on the day before the ten-year period would expire, but render ineffective any order subsequently entered.

The Court recognizes that, in *In re M.R.A.*, the failure to perfect an application under RCW 6.17.020(3) by paying the requisite filing fee was deemed jurisdictional. *See* 2009 WL 2437238 at *4; *see also* *id.* at *2 ("Absent a contrary legislative intent, we

construe statutory language according to its plain and ordinary meaning 'even when [the] results may seem unduly harsh.'" (alteration in original)).  In *In re M.R.A.*, however, the petitioner had been notified by the staff of the superior court clerk's office that he needed to pay the filing fee, and he failed to remedy the situation.  *Id.* at *1.  In this matter, plaintiffs have received no warning from the Court about the lack of payment, and the Court will permit plaintiffs to cure their deficiency by remitting the requisite $400 filing fee within seven (7) days of the date of this Order.  In so ruling, the Court recognizes the important distinction between a judgment and a judgment lien.  A lien exists pursuant to statute only "for a definite length of time," but expiration of the ten-year (or twenty-year) lien period does not extinguish the underlying judgment; the judgment continues to exist even after the related lien has expired.  *See* *Krueger v. Tippett*, 155 Wn. App. 216, 225-26, 229 P.3d 866 (2010).  In allowing plaintiffs to perfect their application under RCW 6.17.020, the Court is not resurrecting a judgment that has lapsed, but rather is deeming the limitation period for executing on the Supplemental Judgment tolled for the period while plaintiffs' motion has been pending.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Plaintiffs' motion, docket no. 145, to extend for an additional ten years the period during which plaintiffs may execute on the Supplemental Judgment, docket no. 127, is GRANTED, provided that plaintiffs pay the required $400 filing fee within seven (7) days of the date of this Order.  If plaintiffs fail to timely pay the required $400

ORDER - 4

filing fee, the limitation period for executing on the Supplemental Judgment shall be deemed expired.

(2)    The Clerk is DIRECTED to enter, upon plaintiffs' payment of the required $400 filing fee, an updated judgment summary pursuant to RCW 4.64.030, including the above-mentioned $400 filing fee as a recoverable cost, _see_ RCW 6.17.020(3), and to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 8th day of April, 2019.


Thomas S. Zilly
United States District Judge